UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES -- GENERAL**

Case No.   ED CV 13-CV-01302-VBF-MRW   Dated:   April 15, 2014

Title:   ***Beau Alan Cornish, Petitioner v. P.D. Brazleton (Warden), Respondent***

PRESENT:   HONORABLE VALERIE BAKER FAIRBANK, SENIOR U.S. DISTRICT JUDGE

N/A                                          N/A
Courtroom Deputy                             Court Reporter

ATTORNEYS PRESENT FOR APPELLANT              ATTORNEYS PRESENT FOR APPELLEES

N/A                                          N/A

**PROCEEDINGS (IN CHAMBERS):**   ORDER   Adopting the Report and Recommendation; Denying the Habeas Corpus Petition; Dismissing the Action With Prejudice; Declining to Issue a Certificate of Appealability; Directing the Entry of Separate Final Judgment

Cornish was convicted of murder for killing a motorist while driving at high speeds – over one hundred miles per hour – against traffic on the freeway in an attempt to elude police.  The state trial court instructed the jury regarding a lesser included offense of involuntary murder, but not on a theory of voluntary manslaughter.  Proceeding *pro se*, Cornish brings this action for habeas corpus relief pursuant to 28 U.S.C. § 2254.  He claims only that the state appellate court committed AEDPA error in rejecting his claim that the trial court erred in failing to *sua sponte* instruct the jury on a theory of voluntary manslaughter as another lesser-included-offense alternative to murder.  The Magistrate Judge has issued a well-reasoned Report and Recommendation ("R&R") recommending that the petition be denied for lack of merit.  The deadline for petitioner to file objections was March 10, 2014, *see* Document ("Doc") 16, and he neither filed objections nor sought an extension of time.  For

MINUTES FORM 90                              Initials of Deputy Clerk   ___jmb___
CIVIL - GEN

the reasons that follow, the Court will adopt the R&R, deny the habeas petition, dismiss the action with prejudice, and deny a certificate of appealability.

**The Court agrees with the Magistrate that petitioner's desired voluntary-manslaughter instruction would contradict California state law as clarified by** *People v. Bryant*, 56 Cal.4th 959, 157 Cal.Rptr.3d 522, 301 P.3d 1136 (2013). *Bryant* held that voluntary manslaughter is limited to situations "when a homicide that is committed either with intent to kill or with conscious disregard for life – and therefore would normally constitute murder" – is mitigated because the killer acted either in unreasonable self-defense or in the heat of passion. *See* R&R at 6. The California Supreme Court conclusively rejected the California Court of Appeal's holdings in the decisions petitioner cited which purported to extend voluntary manslaughter to additional types of unintentional killings, such as killing without malice in the commission of an inherently dangerous assaultive felony *see* R&R at 6 (citing *Bryant*, 56 Cal.4th at 970, 301 P.3d at 529 ("To the extent that *People v. Garcia* . . . 162 Cal.App.4th 18, 74 Cal. Rptr.23d 912 [(Cal. App. 2008)] suggested otherwise, it is now disapproved.")).

Petitioner lacks even a colorable argument that he was entitled to a voluntary-manslaughter instruction under *Bryant*, because he identifies no evidence introduced at his trial which even arguably could tend to show that he was acting in unreasonable self-defense or in the heat of passion, as defined by California law, when his vehicle struck the other vehicle. *Cf. Phouttachak v. Uribe*, 2012 WL 4021780, *7 (C.D. Cal. Mar. 27, 2012) (Wistrich, M.J.) (denying section 2254 petition) (after noting that the California Court of Appeal had rejected petitioner's claim that state trial court should have instructed the jury on voluntary manslaughter, the court stated, "The court concluded that 'the evidence in this case fell far short of showing that the victim acted in a way that would provoke an ordinary person.' * * * Because the instruction was not warranted under state law, the failure to give it did not deprive petitioner of any federal right.") (internal citations omitted), *R&R adopted*, 2012 WL 3542526 (C.D. Cal. Aug. 16, 2012) (King, C.J.).

**Therefore, the Magistrate is right to conclude that this instructional-error claim is not cognizable on federal habeas review and is specifically foreclosed by applicable state appellate precedent, which this**

**Court is obligated to follow in its interpretation of state law.**[1] *See, e.g.,* denying California prisoners' section 2254 instructional-error claims regarding voluntary manslaughter: *Jones v. Paramo*, 2014 WL 808763, *5 (C.D. Cal. Feb. 24, 2014) (Philips, J.) ("None of petitioner's jury instruction claims is viable on federal habeas review. * * * Petitioner's after-the-fact arguments regarding the lesser included offense instructions conflict with state law as enunciated by the state supreme court in *Bryant* . . . ."); *White v. Biter*, 2013 WL 5651547, *5 (C.D. Cal. Oct. 15, 2013) (Feess, J.) ("Regardless, Petitioner's claim fails on its merits. The California Supreme Court has expressly disapproved *Garcia*'s theory of involuntary manslaughter . . . .").

PETITIONER IS NOT ENTITLED TO A CERTIFICATE OF APPEALABILITY

Absent a COA, "an appeal may not be taken from a final decision of a district judge in a habeas corpus proceeding or a proceeding under 28 U.S.C. § 2255", *Chafin v. Chafin*, – U.S. –, 133 S. Ct. 1017, – (2013) (Ginsburg, J., joined by Scalia & Breyer, JJ., concurring),[2][3] and the district court must issue or deny a COA when it enters a final order adverse to the applicant, *see* Rule 11(a) of Rules Governing § 2254 Cases. In practice, "[i]t is a 'rare step' for a district court to issue a COA," *McDaniels v. McGrew*, 2013 WL 4040058, *3 (C.D. Cal. Aug. 8, 2013) (Fairbank, J.) (quoting *Murden v. Artuz*, 497 F.3d 178, 199 (2d Cir. 2007) (Hall, J., concurring in judgment)). A COA may issue only if "the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "The Court is mindful that it 'must resolve doubts about the propriety of a COA in the petitioner's

---

[1] *See Bradshaw v. Richey*, 546 U.S. 74, 76, 126 S. Ct. 602 (2005) ("[A] state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus.").

[2] *See also* 9th Cir. R. 22-1(e) (appellants "shall brief only issues certified by the district court or the court of appeals") and R. 22-1(f) (appellees "need not respond to any uncertified issues").

[3] There is an exception not applicable here: a COA is not required to appeal an order denying a habeas petitioner's motion for appointed counsel. *See Vreeland v. Davis*, 543 F. App'x 739, 740 n.2 (10th Cir. 2013) and *Green v. Thaler*, 479 F. App'x 658, 659 (5th Cir. 2012) (citing *Harbison v. Bell*, 556 U.S. 180, 129 S. Ct. 1481 (2009)).

favor'", *Adams v. Hedgpeth*, No. LA CV 14-01464-VBF Doc. ___ at 8 (C.D. Cal. Apr. 10, 2014) (quoting *Lambright v. Stewart*, 220 F.3d 1022, 1025 (9th Cir. 2000) (en banc)), but no such doubt exists here. Reasonable jurists would not find it debateable that this petition is entirely unexhausted and is therefore subject to dismissal for lack of subject-matter jurisdiction. The petition, then, is not "adequate to deserve encouragement to proceed further." *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4, 103 S. Ct. 3383, 3385 n.4 (1983).

## ORDER

The Report and Recommendation **[Doc # 17] is ADOPTED**.

The habeas corpus petition **[Doc # 1] is DENIED**.

This action is **DISMISSED with prejudice**.

A Certificate of Appealability is **DENIED**. This is a final order, but it will not be appealable if petitioner does not obtain a certificate of appealability from the U.S. Court of Appeals.[4] [5]

---

[4] *See Muth v. Fondren*, 676 F.3d 815, 822 (9th Cir.) (citing 28 U.S.C. § 2253(c)(1)(B)), *cert. denied*, – U.S. –, 133 S. Ct. 292 (2012); *see also* FED. R. APP. P. 22(b)(1).

[5] Even if the Ninth Circuit were to conclude that petitioner otherwise satisfied the COA standard, this order still might not be appealable. Apart from the COA requirement, published Ninth Circuit authority holds that a party who fails to file objections to an R&R in the district court thereby forfeits his right to appeal the district judge's order adopting the R&R. In *McCall v. Andrus*, 628 F.2d 1185 (9th Cir. 1980), the Ninth Circuit held that it would not consider an issue on appeal where the appellant failed to raise that issue in his opening brief on appeal (waiting until his reply) *and* failed to file any objection with the District Judge to the Magistrate's analysis of the issue. "The panel's wording makes clear that the failure to object to the R&R was an independent basis for refusing to hear the appeal. In other words, the panel did *not* hold merely that a party waives its right to appeal when it *both* fails to object to an R&R *and* fails to raise an issue in its opening appellate brief; its holding was broader than that." *Rojas v. Holland*, No. ED CV 13-00292 Doc. 21 at 10-11 n.7 (C.D. Cal. Apr. 3, 2014) (Fairbank, J.). The *McCall* panel stated,

> McCall did not raise his contention that the ten-acre rule exceeded the Secretary's authority in his opening brief. We will ordinarily not consider issues raised for the first time in a reply brief.

MINUTES FORM 90                                             Initials of Deputy Clerk ___jmb___
CIVIL - GEN

As required by FED. R. CIV. P. 58(a)(1), the final judgment will be issued separately.[6]

---

> Further, *McCall did not object to the Magistrate's determination that the trial court find [that] the rule was neither discredited, unreasonable nor unsound in its concept. Such a failure to bring the issue before the trial court bars McCall from raising it here.*

*McCall*, 628 F.2d at 1187 (emphasis added).

Numerous subsequent Ninth Circuit panel decisions have accorded interpretations to *McCall* which differ from this Court's interpretation and from each other. Some subsequent panels have simply refused to follow *McCall* even though it has never been modified or overruled by the circuit sitting en banc. *See, e.g., US v. Willis*, 431 F.3d 709, 713 n.4 (9th Cir. 2005) ("waiver [of the right to appeal] is appropriate where a party's failure to object to a magistrate's conclusions of law was coupled with its failure to raise the objection until its reply brief [in the circuit court]."); *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998) ("Failure to object to a magistrate judge's recommendation waives all objections *to the magistrate judge's findings of fact*" only, but does not necessarily waive the right to appeal the district court's adoption of the Report's legal determinations) (citing *Smith v. Frank*, 923 F.2d 139, 141 (9th Cir. 1991) and *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)); *Martinez v. Ylst*, 951 F.2d 1153, 1156 n.4 (9th Cir. 1991) ("It has been suggested that under a strict reading of *McCall* a failure to object would *automatically* constitute a waiver." Such a reading seems to ignore the finding in *McCall* that the appellant had failed both to object to the magistrate's finding and to raise the issue until his reply brief.") (internally citing *Greenhow v. HHS*, 863 F.2d 633, 635 (9th Cir. 1988)).

Because *McCall* is the earliest panel decision in question, it prevails over later panel decisions to the extent that they cannot be reconciled. *See Posey v. Harrington*, 2014 WL 1289604, *1 (C.D. Cal. Mar. 31, 2014) (Wu, J.) ("Of course, when a subsequent three-judge-panel opinion conflicts with the opinion of an earlier three-judge panel, it is the earlier decision that controls.") (citing *Avagyan v. Holder*, 646 F.3d 672, 677 (9th Cir. 2011)). *Accord King v. Taylor*, 694 F.3d 650, 661 n.7 (6th Cir. 2012) (Richard Allen Griffin, J.) ("Insofar as some of our more recent cases might suggest otherwise, . . . they must yield to *Friedman*.") (citing *US v. Simpson*, 520 F.3d 531, 539 (6th Cir. 2008) (noting that the earlier of two conflicting panel holdings controls)), *cert. denied*, – U.S. –, 133 S. Ct. 1473 (2013). Thus, it would appear that under *McCall*, petitioner's failure to file objections to the R&R will waive his right to appeal from this order adopting the R&R.

---

[6] *See Jayne v. Sherman*, 706 F.3d 994, 1009 (9th Cir. 2013). *Accord Brown v. Fifth Third Bank*, 730 F.3d 698, 699 (7th Cir. 2013); *Brown v. Recktenwald*, – F. App'x –, 2013 WL 6439653, *2 n.2 (3d Cir. Dec. 10, 2013) (p.c.). "To comply with Rule 58, an order must (1) be self-contained and separate from the opinion; (2) note the relief granted; and (3) omit or substantially omit the district court's reasons for disposing of the claims." *Daley v.*

IT IS SO ORDERED.

---

*USAO*, 538 F. App'x 142, 143 (3d Cir. 2013) (citation omitted). Conversely, "[a] combined document denominated an 'Order and Judgment,' containing factual background, legal reasoning, as well as a judgment, generally will not satisfy the rule's prescription." *In re Taumoepeau*, 523 F.3d 1213, 1217 (10th Cir. 2008); *see, e.g., Daley*, 538 F. App'x at 143.

MINUTES FORM 90  Initials of Deputy Clerk ___jmb____
CIVIL - GEN

-6-